# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**MINORITY FARMERS ASSOCIATION, ET AL.**                        **PLAINTIFFS**

**V.**                                     **CIVIL ACTION NO. 3:09cv106 DPJ-JCS**

**STATE OF MISSISSIPPI, ET AL.**                                   **DEFENDANTS**

## ORDER

This matter is before the Court on Plaintiff Minority Farmers Association's ("Minority Farmers") motion for default judgment [23]; Defendants Pike County Assessor's Office, Jim Duckworth, Joseph B. Young, and Lance Honea's motion to set aside entry of default [29]; Plaintiff's Motion Opposing Defendants' Motion to Set Aside Entry of Default [36]; and Plaintiff's motion for leave to file certain counts with the United States Supreme Court [33]. The Court finds as follows:

    A.     <u>Defendants' Motion to Set Aside Default</u>

Defendants Pike County Assessor's Office, Jim Duckworth, Joseph B. Young, and Lance Honea seek an order setting aside the Clerk's entry of default entered against them on May 26, 2009. Under Rule 55(c) of the Federal Rules of Civil Procedure, the Court may set aside entry of default "for good cause shown." Here, Defendants timely filed an answer to Plaintiff's complaint on March 24, 2009, which certified that the answer was electronically filed. *See* Docket at [5]. Additionally, Defendants' counsel submitted an affidavit asserting that a copy of the answer was mailed to Plaintiffs Minority Farmers and Jerry W. Dillon. Watt Aff. at 1. Because Defendants timely filed a responsive pleading and there is no sign of prejudice, the Court finds that Defendants' motion to set aside default [29] is granted, Plaintiff's "motion" in opposition [36] is denied, and Plaintiff's motion for default judgment [23] is denied.

B.     Plaintiffs' Motion to File Counts with the Supreme Court

Plaintiffs Minority Farmers and Jerry W. Dillon seek leave to file Counts 8-10 of the Second Amended Complaint with the United States Supreme Court. They contend that such relief is warranted by 28 U.S.C. § 1251 and Rule 18 of the Rules of the Supreme Court of the United States.

Section 1251(b) states that the "Supreme Court shall have original but not exclusive jurisdiction" in a limited number of circumstances. Only §1251(b)(3) relates to claims between states and citizens, but that subsection applies to actions brought *"by* a State *against* the citizens of *another* State." 28 U.S.C.A. § 1251(b)(3) (emphasis added). This section clearly has no application to an action brought *by citizens* of a state against their own state.[1] Similarly, Rule 18 of the Supreme Court Rules applies to "a direct appeal from a decision of a United States district court." Again, Plaintiffs' authority has no application in this case, and their motion [33] is denied.

C.     Minority Farmers' Counsel

According to the Section VII of the Amended Complaint, the plaintiffs in this action include the Minority Farmers' Association of Pike County; Jerry W. Dillon; five named individuals; and the families of three of the five individuals. *See* Docket at [4]. Minority Farmers Association of Pike County is currently representing itself "pro se" through Jerry W. Dillon, who also purports to represent himself and the other individual plaintiffs. Although he

---

[1] Plaintiffs also reference Article III § 2 of the United States Constitution, which for the same reason fails to support their motion.

has filed a number of pleadings on behalf of the Plaintiffs, Mr. Dillon is not a licensed attorney, and for the reasons stated below, he may not represent anyone other than himself.

"In federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer." *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998); *see also* 28 U.S.C. § 1654. The Supreme Court has explained that, "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or *associations* to appear in federal court otherwise than through a licensed attorney." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Coun.,* 506 U.S. 194, 202 (1993) (emphasis added). As an association with multiple members, Minority Farmers is not capable of representing itself. *See Kay v. Ehrler*, 499 U.S. 432, 436 n.7 (1991) (noting that an entity is always represented by counsel, since it cannot represent itself); *see also Lattanzio v. COMTA*, 481 F. 3d 137 (2d Cir. 2007) (noting that a limited liability company could appear in federal court only through licensed attorney, even though it only had one member). While Plaintiff Dillon may represent himself, he is prohibited from representing Minority Farmers or the other individual plaintiffs in this action. *See Gonzales*, 157 F.3d at 1016.[2]

---

[2]Mr. Dillon should also fully consider Mississippi Code Section 73-3-55, which states in relevant part:

> It shall be unlawful for any person to engage in the practice of law in this state who has not been licensed according to law. Any person violating the provisions of this section shall be deemed guilty of a misdemeanor, and, upon conviction, shall be punished in accordance with the provisions of section 97-23-43. Any person who shall for fee or reward or promise, directly or indirectly, write or dictate any paper or instrument of writing, to be filed in any cause or proceeding pending, or to be instituted in any court in this state, or give any counsel or advice therein . . . shall be held to be engaged in the practice of law.

Accordingly, Minority Farmers must obtain licensed counsel by July 10, 2009, if it wishes to remain a party in the current action. If a licensed attorney fails to make an appearance by that date, Minority Farmers <u>will be dismissed</u> without prejudice. Similarly, all individual plaintiffs must either (1) retain counsel who shall make an appearance by July 10, 2009; or (2) notify the Court by that same date, in writing, that they wish to represent themselves. Mr. Dillon may not represent the individual plaintiffs or respond to this order on their behalf.[3] Any plaintiff failing to comply with this order <u>will be dismissed</u> without prejudice. Finally, because Mr. Dillon is not authorized to file pleadings on behalf of others, the Court will stay all further proceedings, and all deadlines, until further order of this Court.

**SO ORDERED AND ADJUDGED** this the 11th day of June, 2009.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[3]The Amended Complaint identifies certain families as plaintiffs without identifying which family members are included. For the reasons herein stated, no individual plaintiff may be represented by a non-lawyer, and to the extent these families are plaintiffs, the individuals must retain counsel or represent themselves. The Court acknowledges that this could become cumbersome if a large number of individuals elect to separately represent themselves, but it is clearly impermissible to allow non-lawyers to represent anyone other then themselves.